UNITED STATES of America, Plaintiff–Appellee,

v.

Calvin BACOTE, Defendant–Appellant.

Docket No. 00–1622.

United States Court of Appeals, Second Circuit.

April 18, 2001.

Calvin Bacote, Ray Brook, NY, pro se.

Susan Corkery, Assistant United States Attorney, for Loretta E. Lynch, United States attorney for the Eastern District of New York; Alan Vinegrad, on the brief, for appellee.

Present McLAUGHLIN, CALABRESI and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AF-FIRMED.

Appellant Calvin Bacote challenges a judgment of the United States District Court for the Eastern District of New York (Raggi, *J.*) denying his motion to reduce his sentence of 188 months. Bacote was convicted in 1991, after a guilty plea, of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and 846.

On June 5, 2000, Bacote moved, under 18 U.S.C. § 3582(c)(2), for a reduction in his sentence on the ground that two amendments to the Sentencing Guidelines, both of which became effective after his sentencing, entitled him to a shorter sentence. Specifically, Bacote argued that amendments 487 and 503 should be retroactively applied to his case. Amendment 487, which came into effect on November 1, 1993, stated that the term "cocaine base," as used in the Guidelines, referred to "crack." *United States Sentencing Guidelines Manual,* App. C, Vol. 1 (1998). Amendment 503, which came into effect a year later, specified that the term "relevant conduct" when used in connection with a conspiracy conviction does not include the conduct of members of a conspiracy undertaken prior to the defendant's joining the conspiracy. *Id.* Bacote also argued, in a subsequent memorandum, that the Supreme Court's recent decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) rendered his sentence unconstitutional insofar as the quantity of drugs relevant to his offense was determined by a preponderance of the evidence and not beyond a reasonable doubt.

The district court concluded that "amendments 487 and 503 do not entitle Bacote to any reduction in sentence since they are not listed in [section] 1B1.10(c)," the Guidelines provision listing which amendments may and may not be retroactively applied. The district court also con-

cluded that "even if these amendment[s] did apply, there was never any question that the sort of cocaine dealt in Bacote's case was crack. Similarly, [the] co-conspirator['s] conduct does not fall within 503." Finally, the district court held that Bacote's *Apprendi* claim was not properly before it, and that as an initial matter, it had to be brought in a petition under 28 U.S.C. § 2255, not § 3582.

This appeal followed.

## DISCUSSION

On appeal, Bacote reiterates the arguments presented to the district court. We agree with the district court, and for substantially the reasons it gave, that even if amendments 487 and 503 are retroactively applicable, they do not provide grounds for a reduction in Bacote's sentence. At a plea hearing, Bacote admitted to selling and conspiring to sell "crack." And, the district court's Order sentencing Bacote to 188 months in prison makes clear that he was not held responsible for any conduct of co-conspirators that predated his participation in the conspiracy. Accordingly, even if amendments 487 and 503 were to be viewed as clarificatory, and hence to be given retroactive application apart from § 1B1.10, *see United States v. Kim*, 193 F.3d 567, 578 (2d Cir.1999), they do not help Bacote. We also agree with the district court that a § 3582 motion is not the proper vehicle for Bacote's *Apprendi* claim. 18 U.S.C. § 3582(c)(2) permits district courts to modify sentences "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Appellant's *Apprendi* claim does not relate to a lowering of sentence ranges by the Sentencing Commission.

We have considered all of appellants' arguments and find them to be without merit. The Order of the district court is AFFIRMED.